UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ROTHA E. LISHER,

    Plaintiff,

v.                                         CV. No. 05-1395-HA

GREAT SENECA FINANCIAL            ORDER
CORPORATION, a Maryland
corporation,

    Defendant.

_____


HAGGERTY, Chief Judge:

    Defendant Great Seneca (defendant) moves to dismiss plaintiff's First Claim for Relief for failure to state a claim upon which relief can be granted. Plaintiff Rotha E. Lisher (plaintiff) opposes this motion. For the following reasons, defendant's Motion to Dismiss is denied.

ANALYSIS

1 - ORDER

Oral argument on this Motion is deemed unnecessary. Generally, dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is denied "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his [or her] claim" that would entitle plaintiff to relief. *SmileCare Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). For the purposes of a motion to dismiss, the Complaint must be construed liberally in favor of plaintiff, and the Complaint's allegations accepted as true. *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004). A motion to dismiss for failure to state a claim may be granted only if, accepting all well-pleaded allegations in the Complaint as true and viewing them in a light most favorable to the plaintiff, the plaintiff is not entitled to relief. *Id*.

Here, plaintiff has sued defendant asserting two claims. Plaintiff's first claim alleges violations of the Federal Debt Collection Practices Act (FDCPA). 15 U.S.C. § 1692, *et seq*. Plaintiff's second claim alleges Wrongful Use of Civil Proceedings. Plaintiff filed this action in Lake County Circuit Court in Oregon. Defendant removed the action on the basis that plaintiff's FDCPA claim presents a federal question, and defendant now moves to dismiss that federal claim.

The FDCPA's purpose is recognized as seeking "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id*. at § 1692 (e). Defendant moves to dismiss plaintiff's first claim against it because it fails to qualify as a "debt collector" as defined in the statute.

Under the statute, the term "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted

to be owed or due another." 15 U.S.C. § 1692a (6) (Emphasis provided). Defendant argues that because plaintiff's account was assigned to, and is currently owned by, defendant, defendant's collection practices cannot be challenged as conduct pertaining to the collection of a debt that is owed to another party.

Defendant relies in part upon the decision in *KPMG Peat Marwick v. Texas Commerce Bank*, 976 F. Supp. 623 (S.D. Tex., 1997). That decision recognized that collection efforts conducted by a creditor bank on its own behalf is precluded by the FDCPA's statutory definition of "debt collector," because that definition "*excludes* 'any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor,' as well as 'any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.'" *Id*. at 632 (emphasis in original).

Plaintiff does not dispute the holding in *KPMG*, or defendant's reading of the applicable statutory definitions, but argues that defendant's compliance with the FDCPA is properly at issue because defendant's principal business is that of collecting debts. As such, the FDCPA applies as to defendant because the statute's definition of "debt collector" is *either* an entity "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," *or* "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." 15 U.S.C.A. § 1692a (6). Plaintiff asserts that defendant qualifies, for purposes of surviving a motion to dismiss, as an entity that uses interstate commerce in a business "the principal purpose of which is the collection of any debts." This court agrees.

to be owed or due another." 15 U.S.C. § 1692a (6) (Emphasis provided). Defendant argues that because plaintiff's account was assigned to, and is currently owned by, defendant, defendant's collection practices cannot be challenged as conduct pertaining to the collection of a debt that is owed to another party.

Defendant relies in part upon the decision in *KPMG Peat Marwick v. Texas Commerce Bank*, 976 F. Supp. 623 (S.D. Tex., 1997). That decision recognized that collection efforts conducted by a creditor bank on its own behalf is precluded by the FDCPA's statutory definition of "debt collector," because that definition "*excludes* 'any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor,' as well as 'any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.'" *Id*. at 632 (emphasis in original).

Plaintiff does not dispute the holding in *KPMG*, or defendant's reading of the applicable statutory definitions, but argues that defendant's compliance with the FDCPA is properly at issue because defendant's principal business is that of collecting debts. As such, the FDCPA applies as to defendant because the statute's definition of "debt collector" is *either* an entity "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," *or* "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." 15 U.S.C.A. § 1692a (6). Plaintiff asserts that defendant qualifies, for purposes of surviving a motion to dismiss, as an entity that uses interstate commerce in a business "the principal purpose of which is the collection of any debts." This court agrees.

After accepting all well-pleaded allegations in the Complaint as true, and viewing them in a light most favorable to plaintiff, this court finds no grounds to support defendant's Motion to Dismiss plaintiff's first claim. Defendant fails to establish beyond doubt that plaintiff can prove no set of facts in support of that first claim that would entitle plaintiff to relief. *SmileCare Dental Group*, 88 F.3d at 783.

CONCLUSION

Defendant's Motion to Dismiss [3] is denied.

IT IS SO ORDERED.

Dated this  24   day of January, 2006.


                                                      /s/Ancer L.Haggerty
                                                           Ancer L. Haggerty
                                                  United States District Judge